# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

POLYCON INDUSTRIES INC.,       )
        Plaintiff,          )
                          )
      v.                    )     CAUSE NO.: 2:19-CV-485-PPS-JPK
                          )
R & B PLASTICS MACHINERY, LLC and   )
MONROE MOLD, LLC,         )
        Defendants.       )

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendant R & B Plastics Machinery, LLC ("R & B Plastics") invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the party seeking federal jurisdiction, Defendant R & B Plastics has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Polycon Industries Inc. and Defendants, R & B Plastics and Monroe Mold, LLC ("Monroe Mold"), must be citizens of different states, and the amount in controversy must be more than $75,000. Defendant R & B Plastics has alleged a sufficient amount in controversy. Defendant R & B Plastics has also sufficiently alleged the citizenship of Plaintiff. However, the allegations are insufficient as to the citizenship of Defendants.

The Notice of Removal alleges that the sole member of Defendant R & B Plastics is R & B Holding Company LLC. (Notice of Removal ¶ 17, ECF No. 1). The Notice of Removal further alleges that the members of R & B Holding Company LLC are as follows:

1. 2L Capital LLC, whose members are (1) the William J. Long, Jr. Revocable Living Trust, whose sole trustee is William J. Long Jr., a Michigan resident, and (2) the Amy J. Long Revocable Living Trust, whose sole Trustee is Amy J. Long, a Michigan resident.

2. Agley Investors 2 LLC, whose members are (1) the James R. Agley Family Trust, whose sole trustee is James R. Agley, a Michigan resident, and (2) Rosario Agley, a Michigan resident.

3. The Randolph J. Agley Trust, whose cotrustees are Judith A. Agley, a Michigan resident, and James R. Agley, a Michigan resident.

4. Frederick T. Piercy, Jr., a Michigan resident.

*Id.* Finally, the Notice of Removal alleges that the members of Defendant Monroe Mold are as follows:

1. Agley Investors 2 LLC, whose members are (1) the James R. Agley Family Trust, whose sole trustee is James R. Agley, a Michigan resident, and (2) Rosario Agley, a Michigan resident.

2. The Randolph J. Agley Trust, whose co-trustees are Judith A. Agley, a Michigan resident, and James R. Agley, a Michigan resident.

3. The Wayne C. Inman Revocable Living Trust, whose sole trustee is Wayne C. Inman, a Michigan resident.

*Id.* at ¶ 18. These allegations are insufficient for the purpose of determining citizenship.

"The citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006). Allegations of residency in a state are not sufficient. *See id.* (diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state").

Given the importance of determining the Court's jurisdiction to hear this case, Defendant R & B Plastics must sufficiently allege its own citizenship and that of Defendant Monroe Mold, as outlined above. Specifically, Defendant R & B Plastics must allege the state of *citizenship* of the natural persons listed above, not the state of residence. Therefore, the Court **ORDERS** Defendant R & B Plastics to **FILE**, on or before **January 21, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of the relevant parties as stated above.

So ORDERED this 6th day of January, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT