UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| POLYCON INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> R&B PLASTICS MACHINERY, LLC, <br> and MONROE MOLD, LLC, <br><br> Defendants. | Cause No. 2:19-CV-485-PPS-JPK |

OPINION AND ORDER

This case arises out of a dispute between Plaintiff Polycon Industries, Inc. and Defendant R&B Plastics Machinery. R&B agreed to design, build, and sell two plastic molding machines to Polycon for $5 million. Despite R&B's assurances in writing and orally that the machines would be "new," Polycon asserts it was sold a bill of goods because the two machines it received were not in fact new. Instead, they were comprised of rebuilt, remanufactured and used parts. And, to boot, they never operated properly causing a large loss to Polycon. The only issue presently before me is the validity of Polycon's claim of fraud in the inducement. (The claims based on contract theories are moving forward.) R&B tells me they are entitled to Judgment on the Pleadings on the fraud claim because, in their view of the world, this is nothing more than a contract claim that is gussied up to look like a tort. R&B also argues that the fraud claim is predicated on a promise of future conduct and thus must fail as a matter of law. I disagree. Reading the complaint in the light most favorable to Polycon, I find

that Polycon has properly alleged a claim of fraudulent inducement. So R&B's motion for partial judgment on the pleadings will be denied.

## Background

Polycon manufactures blow molded high density polyethylene plastic bottles and containers. It negotiated with R&B for the purchase of two machines to expand its manufacturing capacity: the so-called "4/11 machine" and "8/16 machine." This motion only relates to the 8/16 machine, so the 4/11 machine need not be discussed. On October 22, 2015, R&B sent a proposal letter to Polycon which described a "new" 8/16 machine. I put the word new in quotes because that is precisely the term that R&B used in its proposal letter. About a month later, the parties met to discuss the potential purchase. Polycon alleges that R&B reiterated its promise that the 8/16 machine would be completely newly manufactured and would include all new parts. Then, on March 4, 2016, R&B sent Polycon an amended proposal detailing the 8/16 machine's specifications, components, and delivery estimate. A month later, the parties officially signed the contract which included an express warranty that the equipment would be "new."

According to Polycon, the machines were delivered late, they had frequent breakdowns leading to idling of its production and costly repair work. But more to the point for present purposes, Polycon claims that R&B knowingly made false statements about the quality of the machine to induce it to enter into the agreement in the first place—R&B represented that the machines would be "new" when R&B knew they would not.

Polycon sued in state court and R&B removed it on the basis of diversity jurisdiction. [DE 1, 6.] R&B filed a motion to dismiss for failure to state a claim [DE 18], and instead of filing a response, Polycon amended its complaint. [DE 39.] The Amended Complaint alleges four claims against R&B: breach of contract claims for both machines, breach of express warranty, first party indemnity, and fraud in the inducement. It also alleges various claims against a second defendant, Monroe Mold, LLC, but those are not presently before me. In this motion, R&B moves for judgment on the pleadings only on the claim for fraud in the inducement. The two main issues here are: (1) whether the express warranty precludes Polycon from restyling a breach of contract claim as a tort claim to obtain more damages; and (2) whether R&B's representation that the machine would be "new" is a promise of future conduct or a statement of past or existing fact.

## Discussion

The Federal Rules of Civil Procedure apply the same standard for a "motion for judgment on the pleadings under Rule 12(c) . . . as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I review the facts in the complaint in the light most favorable to the plaintiff. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

It is worth noting that, although the claim that is presently under consideration—fraud in the inducement—is a claim subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b), R&B has not argued that the fraud claim has not been stated with particularity.  Instead, they contend that the fraud in the inducement claim is just a repackaging of the warranty claim, and that claim should be dismissed anyway because the alleged false statements were not about past or existing facts.  I will take up each of those arguments below.

**1. Is the Fraud Claim just a Repackaging of the Express Warranty Claim?**

R&B's first argument is that Indiana law does not allow a party to restyle a breach of contract claim as a tort claim for the sole purpose of obtaining more damages and that Polycon's attacking the promise that the machines would be "new" is incorporated into the agreement's express warranty. R&B claims that the harm alleged in both the contract and tort claim are the same and that the fraud claim is not independent of the contract claim; rather, it is a repackaged version of the breach of contract claim. I'm not sure I understand the argument.  The point is that R&B's act of lying to Polycon *before* the contract was signed by telling them the machine would be "new" when they well knew it wouldn't be, and thus inducing Polycon to sign it in the first place, is an entirely different theory than simply breaching the warranty. According to Polycon, this prevented them from contracting with someone else and this lost opportunity cost led to frequent breakdowns and idling of its plant and costly repair. Although the same facts may bear on both the fraud and the warranty claims, they stand alone from a legal point of view. *Kapoor v. Dybwad,* 49 N.E.3d 108, 128 (Ind.

4

Ct. App. 2015) (in order to rely on the doctrine of fraudulent inducement, Polycon "would have had to allege that [R&B] knew, or had some reason to know, of material misrepresentations to" Polycon). For now, this claim must move forward. The proof of the pudding, of course, will be in its taste, and Polycon will have to prove that R&B was actually lying during their negotiations. That might be a tall order. But in all events, it's a matter better addressed at the summary judgment phase of litigation.

R&B cites *All-Tech*, where the Seventh Circuit discussed Wisconsin law and the overlapping difficulties between contract and tort law to support its claim for Judgment on the Pleadings.  *All-Tech Telecom, Inc. v. Amway Corp.*, 174 F.3d 862 (7th Cir. 1999). *All-Tech* described situations where contract law sufficiently made harmed parties whole through warranties and other contractual remedies. *Id.* at 866-67. But, of course, Wisconsin law has no bearing on a case that is governed by Indiana law.

By contrast, under Indiana law, a claim of fraud in the inducement can go forward along with a contract claim. But the remedy may be limited. Here's how one Indiana court described the issue:

> Generally, a party bringing an action for fraud in the inducement must elect between two remedies. *A.J.'s Auto. Sales, Inc. v. Freet*, 725 N.E.2d 955, 969 (Ind. Ct. App. 2000), trans. denied; *Hart v. Steel Prods., Inc.*, 666 N.E.2d 1270, 1275 (Ind. Ct. App. 1996), trans. denied (1997). One alternative is to affirm the contract, retain the benefits, and seek damages. *Freet*, 725 N.E.2d at 969; *Hart*, 666 N.E.2d at 1275. The other alternative is to rescind the contract, return any benefits received, and be returned to the status quo. *Freet*, 725 N.E.2d at 969; *Hart*, 666 N.E.2d at 1275. If a party elects to rescind the contract, the trial court must adjust the equities and attempt to return the parties to the status quo. *Smith v. Brown*, 778 N.E.2d 490, 497 (Ind. Ct. App. 2002).

*America's Directories, Inc. v. Stellhorn One Hour Photo, Inc.*, 833 N.E.2d 1059, 1067-68 (Ind. Ct. App. 2005); *See also Lightning Litho, Inc. v. Danka Industries, Inc.* 776 N.E.2d 1238, 1241-42 (Ind. Ct. App. 2002) (remedy for fraud in the inducement may be limited by the "benefit of the bargain" rule).

In sum, under Indiana law, a claim for fraudulent inducement and breach of contract can coincide, but the plaintiff will have to choose remedies as detailed above. For now, it is enough to say that both claims will go forward.

2. **Was R&B's Statement About a "Past or Existing" Fact?**

In order to properly state a claim for fraud in the inducement, Indiana courts require plaintiff to plead "(1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of." *Lawyers Title Ins. Corp. v. Pokraka*, 595 N.E.2d 244, 249 (Ind. 1992).

R&B focuses its argument on the first element—whether the alleged misrepresentation concerned a statement of past or existing fact as required by Indiana law. *See e.g. Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 566 (7th Cir. 2020) (citing *Comfax Corp. v. N. Am. Van Lines, Inc.*, 587 N.E.2d 118, 125 (Ind. Ct. App. 1992)). In its First Amended Complaint, Polycon alleges that the misrepresentation that the machine would be "new" occurred in both a proposal letter dated October 22, 2015 and during a subsequent meeting to discuss the purchase of the machine. [DE 39 at 13.] The question

thus becomes whether, on the one hand, these are statements about a "past or existing fact" or whether, on the other, they are forward looking statements.

The Indiana Court of Appeals in *Whiteco* gave an example of past or existing fact which constitutes actionable fraud. *Whiteco Properties, Inc. v. Thielbar*, 467 N.E.2d 433 (Ind. Ct. App. 1984). There, the seller sold lakefront properties to several buyers with the representation that "although a small, low lying cabana would be built, it would not impair their view of the lake." *Id.* at 435. The buyers paid $10,000 more for these units. *Id.* However, Whiteco already knew the size, shape, and placement of the cabana structure would obstruct the view of lakefront properties prior to entering discussions with buyers. *Id.* at 436. Thus, it was held that the misrepresentation was about an existing fact.

Here, Polycon has set out the elements of a fraud in the inducement claim and R&B contends that this claim should fail because R&B's promise that the machine would be "new" was a promise of future conduct, not past or existing fact. While the term "new" can have different meanings, such as "brand-new" and "new to the buyer" or "new in stock," Polycon's allegation is that its understanding was that the machine would be "brand-new." And they further claim that R&B had the same understanding of the term but lied about it. In other words, similar to *Whiteco*, Polycon claims that R&B knew *at the time it made the representation* that the machine would not be new in the same way that the defendant in *Whiteco* knew that the views would in fact be obstructed, but lied about it.

In sum, Polycon has stated a claim for fraud in the inducement by identifying a misrepresentation of past or existing fact by R&B and its officers. As a matter of Indiana law, Polycon's fraud in the inducement claim survives this partial Motion for Judgment on the Pleadings. To repeat, Polycon will have to prove that *at the time R&B told them the machine would be new*, they in fact knew that the machine would be comprised of used parts. Only then could they show that the representation was about an existing fact. Perhaps R&B thought it was going to be "new" when they made the statement but changed their minds later. Who's to say? Discovery will be needed to flesh this out.

ACCORDINGLY:

Defendant R&B Plastics Machinery, LLC's Motion for Judgment on the Pleadings regarding Polycon Industries, Inc.'s Claim for Fraud in the Inducement [DE 47] is DENIED.

One more thing: in support of any further action reviewing complaint, I REQUEST the parties furnish the court with a legible and clear copy of Exhibit 5 [DE 39-5].

SO ORDERED on November 16, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

8