UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| POLYCON INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff & Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 2:19-CV-485-PPS |
| ) | |
| R&B PLASTICS MACHINERY, LLC, ) | |
| and MONROE MOLD, LLC, ) | |
| ) | |
| Defendants & Counterclaimants. ) | |

**OPINION AND ORDER**

In this dispute between parties involved in the manufacture of plastic bottles, the Court has taken under advisement two motions to exclude filed by Defendant R&B Plastics Machinery, LLC ("R&B"). R&B's first motion [DE 244], which renews an earlier motion on the same topic [DE 168], moves to exclude the testimony of Plaintiff Polycon Industries, Inc.'s ("Polycon") damages expert Dr. Gerald Lynch. R&B's second motion [DE 253] moves to exclude a spreadsheet prepared by and testimony of Polycon's former Controller Jill Contro. At R&B's request, on December 11, 2024, I held a hearing [DE 256] on R&B's motion to exclude Lynch's testimony. At that time, briefing had not yet concluded for R&B's motion concerning Contro. R&B filed its reply [DE 259] on December 18, 2024. Polycon now moves to strike or, in the alternative, for leave to file a sur-reply in response to R&B's reply. [DE 262.] For the reasons that follow, I GRANT Polycon's request for leave to file a sur-reply.

1

As a threshold matter, the Northern District of Indiana's Local Rules do not authorize the filing of a sur-reply. *Lafayette Life Ins. Co. v. City of Menasha, Wis.*, No. 4:09 CV 64, 2010 WL 4553667, at *1 (N.D. Ind. Nov. 3, 2010) ("Local Rule 7.1(a) permits parties to file an initiating brief, a response, and a reply, but does not contemplate the filing of a surreply or response to the reply brief.") As a result, courts in this district generally do not permit litigants to file a sur-reply. *See Carteaux v. Town of Rome City*, No. 1:22-cv-004455, 2023 WL 2366964, at *2 (N.D. Ind. Mar. 6, 2023). But there is a narrow exception to this rule. I have discretion to grant a litigant leave to file a sur-reply "when it raises or responds to some new issue or development in the law." *Merril Lynch Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, No. 2-09-cv-158, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009) (citation omitted). That exception applies in this case.

As an initial matter, I quickly dispense of Polycon's request to strike. During the December 11, 2024, hearing I instructed the Parties that I did not anticipate needing additional briefing on R&B's motion to exclude Dr. Lynch's testimony. [DE 263-1 at 12.] Briefing on that motion concluded on October 18, 2024, [DE 248] because R&B elected not to file a reply. The insinuation by Polycon that my comments during the December 11, 2024, hearing meant that I "made it emphatically clear that [I] wanted *no* further briefing" on R&B's *other* motion to exclude is disingenuous. [DE 263 at 1 (emphasis in original).] My comments concerned R&B's motion to exclude Dr. Lynch's testimony [DE 244]; they did not concern R&B's motion to exclude Contro's testimony and spreadsheet [DE 253]. R&B had the right to file a reply in support of its motion to

2

exclude concerning Contro. In fact, in the same exchange during the December 11, 2024, hearing I granted Polycon's oral request for a three-day extension to file their reply.

So it is not the fact that R&B filed a reply after the December 11, 2024, hearing that is the problem, but I take Polycon's point that the substance of R&B's reply contains new evidence and argument. R&B's reply in support of its motion to exclude concerning Contro cites extensively to the December 11, 2024, hearing. [DE 259 at 2–3, 5, 7–15.] Ordinarily, "new arguments and evidence may not be raised for the first time in a reply brief. *Reis v. Robbins*, No. 4:14–cv–00063–RLY–TAB, 2015 WL 846526, at *2 (S.D. Ind. Feb 26, 2015). But given the relevance of the December 11, 2024, hearing to not only R&B's motion to exclude Dr. Lynch but also the separate motion to exclude Contro, I will exercise my discretion to permit Polycon to file a sur-reply.

In granting Polycon's request to file a sur-reply, I strongly caution Polycon against raising new arguments or rehashing arguments that it could have made in its original response to R&B's motion to exclude concerning Contro. Any such arguments would be improper and will be stricken. *See Chaib v. GEO Grp., Inc.*, 92 F. Supp. 3d 829, 835 (S.D. Ind. 2015), *aff'd*, 819 F.3d 337 (7th Cir. 2016) (granting a motion to strike a sur-reply that was "not limited to new evidence and objections" included for the first time in the reply). I include this word of caution because of the lengthy (and concerning) discovery discussion that dominated the Parties' response and reply to Polycon's motion. [*See* DE 266; DE 269.] I decline at this time to weigh in on this issue given its irrelevance to the limited purpose for which I am granting Polycon's request to file a

sur-reply: to respond to R&B's citations to the December 11, 2024, hearing in its reply [DE 259] in support of its motion to exclude concerning Contro.

Accordingly, I hereby **GRANT** Polycon's motion for leave to file a sur-reply [DE 262] and grant Polycon until **February 17, 2025**, to file its sur-reply consistent with the instructions herein.

**SO ORDERED**.

ENTERED: February 10, 2025.

/s/ Philip P. Simon
**UNITED STATES DISTRICT JUDGE**