UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| POLYCON INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff & Counter-Defendant, | ) |
| | ) |
| v. | ) Case No. 2:19-CV-485-PPS |
| | ) |
| R&B PLASTICS MACHINERY, LLC, | ) |
| and MONROE MOLD, LLC, | ) |
| | ) |
| Defendants & Counterclaimants. | ) |

## OPINION AND ORDER

This lawsuit involves three players in the plastic bottle manufacturing process. Plaintiff Polycon Industries, Inc. manufactures "blow molded" plastic containers. Defendant R&B Plastics Machinery, LLC designs and manufactures the machines that make those containers. And Defendant Monroe Mold designs and builds the molds used in the container making process. The present litigation arises from Polycon's purchase of two machines from R&B and several sets of molds from Monroe. Polycon's basic contention is that the R&B's machines and Monroe's molds did not meet the specifications that were promised.

This case is presently set for a two-week jury trial to begin on Monday, August 4, 2025. [DE 241.] Monroe has filed a Motion for a Separate Trial [DE 279] requesting that I sever its case from the co-defendant's, R&B. Monroe tells me that co-defendant R&B does not oppose Monroe's request. That's hardly a surprise given they are both represented by the same counsel. Because Monroe fails to demonstrate that bifurcating

1

the consolidated trial on August 4 will result in judicial economy or that not doing so will prejudice Monroe, Monroe's motion is DENIED.

## Discussion

Rule 42(b) authorizes bifurcation of federal civil jury trials: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b).

The Seventh Circuit put forth a three-step test for a district court to determine whether to bifurcate a trial: (1) "First, the trial judge must determine whether separate trials would avoid prejudice to a party or promote judicial economy"; (2) "Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party"; (3) "Finally, separate trials must not be granted if doing so would violate the Seventh Amendment." *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). Only one listed reason for bifurcation in Rule 42(b), "convenience, to avoid prejudice, or to expedite and economize," must be present. *MCI Commc'ns. Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1166 (7th Cir. 1983), *cert. denied*, 464 U.S. 891 (1983).

Joint trials are the norm. As such, bifurcation is the exception, not the rule. *See Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000). "The party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials based upon the case's

circumstances." *Balzer v. Am. Family Ins. Co.*, No. 2:08 cv 241, 2009 WL 1543524, at *2 (N.D. Ind. June 2, 2009). As the moving party, Monroe thus bears this burden of proof.

Monroe's and Polycon's arguments on bifurcating the August 4 trial focus on prejudice and judicial economy. Neither party voices concerns with running afoul of the Seventh Amendment. I begin with the discussion of promoting judicial economy. Monroe argues bifurcation will promote judicial economy because the agreements and products at issue between Polycon and Monroe (the molds) differ from those at issue between Polycon and R&B (the blow molding machines). [DE 279 at 4.] Moreover, Monroe argues the majority of the two-week trial will focus on the "successful operation" issue with R&B's machines that is irrelevant to Monroe. [*Id*. at 4–5.] Why then, Monroe argues, should it be forced to sit through days of trial unrelated to its own claims and defenses?

Polycon argues Monroe's characterization of Polycon's case against Monroe and R&B as involving completely distinct, severable issues is overblown. Polycon highlights the close historic ties between R&B and Monroe, which includes a shared director of marketing, Monroe's involvement in producing components for R&B's blow molding machines, and Monroe's and R&B's overlapping involvement in the transaction with Polycon for the machines and molds. [DE 284 at 2–5.] In addition, Polycon notes the overlap of witnesses at trial and Monroe's use of the same counsel as R&B. [*Id*. at 8–9.]

I see no benefit to judicial economy in holding separate trials for Monroe and for R&B. In fact, I agree with Polycon that separate trials are more likely to result in a greater expenditure of judicial resources, and frankly, the resources of all three Parties,

3

to resolve the claims at issue. To state the obvious first, Monroe shares the same counsel as R&B. There are clear benefits to judicial economy in maintaining a consolidated trial when the lawyers are the same. *See Halczenko v. Ascension Health, Inc.*, No. 1:21-cv-02816-JPH-MG, No. 1:22-cv-01097-JPH-MG, 2023 WL 3586442, at * 2 (S.D. Ind. May 19, 2023) (ordering consolidation under Rule 42(a) where defendants were "represented by overlapping counsel"); *Greenrod v. Mascaro Constr. Co., L.P.*, Case No. 1:24-cv-00830, 2024 WL 4677469, at *2 (N.D. Ohio Nov. 5, 2024) (denying a motion to sever and bifurcate under Rule 42(b) where plaintiffs were "represented by the same counsel"). At either the consolidated or bifurcated trials, the same lawyers will need to be present for the same number of days. In fact, given the duplication of jury selection necessary to a second trial, the consolidated trial will almost certainly result in fewer trial days for all attorneys involved.

      Monroe also has failed to convince this Court that the witnesses and evidence for Polycon's claims against Monroe and against R&B are so dissimilar as to increase inefficiency and inconvenience by holding a consolidated trial. The Court understands the clear line between Monroe's molds and R&B's machines that are at issue here and agrees that resolving the question of "successful operation" of R&B's machines will dominate a consolidated trial. But the Court disagrees with Monroe that none of this evidence has "any bearing on the claims between Polycon and Monroe." [DE 279 at 4–5.] As Polycon notes, much of the background for the Monroe and R&B transactions with Polycon overlap, including some of the same individuals who were involved. The molds and machines, after all, were to be used together.

And the Court is also unpersuaded by Monroe's claims that Monroe specific witnesses will be forced to wait in the wings for days on end instead of tending to their day jobs. I see no reason why Monroe's counsel, who will be uniquely positioned as the masters of R&B's case, cannot provide an estimate to the Monroe specific witnesses of when they will be needed at trial. As a final point, by Monroe's own admission, at least one and maybe even two witnesses (David Wilbourn and Dave Corson) will overlap in the claims against Monroe and R&B. [*See* DE 285 at 3.] A consolidated trial provides clear judicial efficiencies for these witnesses. I now turn to evaluate prejudice.

Monroe fails to demonstrate that a consolidated trial involving Polycon's claims against R&B would prejudice Monroe. In support of its argument, Monroe argues it will be prejudiced by the extensive presentation of evidence related to defects and damages relevant only to R&B's machines. Given the "sister companies" relationship between Monroe and R&B, Monroe also seeks to avoid guilt by association.

I am not convinced that the issues in this case are so complex and "potentially confusing to the jury" that bifurcation is necessary. *See Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp. 113, 115 (E.D. La. 1992). Risks of confusion, as the *Laitram* case Monroe cites notes, frequently arise in the patent litigation context because of the complicated nature of evidence concerning infringement and damages. *See id*. There is no question that there are complexities to this case. One need only peek at the docket or the heap of designated evidence to satisfy themselves of that point. But even as Monroe itself suggests, the issues involving Monroe and R&B can be conceptually separated with relative ease. The remaining issues between Polycon and Monroe concern different

products and contracts than Polycon and R&B. Monroe has presented no evidence that this breach of contract and warranty case presents a substantial risk of confusion of the issues. *See DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08-CV-1531, 2008 WL 4812440, at *5–6 (N.D. Ill. Oct. 28, 2008) (commenting on bifurcation in a different case because of the risk of jury confusion caused by a claim involving six defendants, thousands of documents in different languages, and foreign witnesses who resided outside the United States).

Finally, Monroe has failed to show a serious risk of liability by association that would result from a consolidated trial with R&B and that could not be cured with limiting instructions to the jury. I do not see this as "one of those perhaps-rare occasions where, in the Court's view, limiting instructions and stipulations are insufficient to ameliorate the potential prejudice to Defendants." *Washington v. Boudreau*, No. 16-cv-01893, No. 16-cv-01970, 2023 WL 184239, at *6 (N.D. Ill. Jan. 13, 2023). In W*ashington*, the court bifurcated the defendant officers from *Monell* claims against the city defendant where the plaintiffs sought to admit "decades of evidence concerning the established misconduct" of a notorious police commander. *Id.* And *Bailey v. N. Trust Co.*, another case cited by Monroe, involved five defendants whose alleged discrimination involved "different factual scenarios regarding work performance and employment decisions." 196 F.R.D. 513, 518 (N.D. Ill. 2000). Monroe's and R&B's case differs from these extreme situations and does not warrant upending the usual view that "limiting instructions cure everything." *United States v. Chaparro*, 956 F.3d 462, 482 (7th Cir. 2020) (citation omitted). What's more, being the smaller fish in the trial pond could actually work to

Monroe's benefit. From my experience, oftentimes bit players in larger trials can get lost in the shuffle which can actually work to that party's advantage. In all events, there is very little basis for a bifurcated trial.

## Conclusion

Accordingly, I hereby **DENY** Monroe Mold's Motion for a Separate Trial [DE 279].

**SO ORDERED**.

ENTERED: June 4, 2025.

/s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE